IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTWON PARKER | § | |
| v. | § | CIVIL ACTION NO. 6:10cv296 |
| DAVID FORTNER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Antwon Parker, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Parker complained that he injured his knee in 2006, but that he did not receive proper medical care and he was required to perform work that he was medically unable to do. He then re-injured his knee in 2009, but again did not receive proper medical care, and was required to perform work which he could not do.

After review of the pleadings, testimony, and records in the case, the Magistrate Judge ordered the Defendants David Fortner, Dr. Hanley, Captain Hasty, and a physician's assistant named Scruggs should answer the lawsuit. The Magistrate Judge recommended that the Defendants Jeanie Allison, Amy Jones, Patrick Cooper, Neal Webb, and Michael Sizemore be dismissed from the lawsuit.

Parker filed objections to the Magistrate Judge's Report on December 29, 2010. In his objections, he first says that Allison, the complaint coordinator, was made aware of his grievances against Fortner, the physician's assistant, but did nothing. He complains that she should

1

have "reported" Fortner, although it is not clear to whom, and that she failed to take the necessary steps to ensure that he received adequate medical care. As the Magistrate Judge said, Allison is an administrator, not a trained medical provider, and thus lacked the power to overrule Fortner with regard to medical treatment or conditions. In addition, Parker has no constitutional right to have Allison resolve his complaints in the manner which he believes appropriate. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005). This objection is without merit.

Second, Parker complains that Jones and Cooper refused to change his job after he complained of being required to work outside of his restrictions. He says that while it is true that the officers are entitled to rely on the medical department's assessment of his condition, in this case they were relying on what Captain Hasty had said, not what the medical department had said. However, as the Magistrate Judge observed, Parker offered nothing, nor was there any indication in the records, to show that his job assignment was in fact outside of his medical restrictions; Parker's opinion that his assignment was or should have been outside of these restrictions is not sufficient to show a constitutional violation. Nor has Parker shown that Cooper's statement that he personally did not believe that Parker had a knee injury amounts to a constitutional violation This objection is without merit.

Parker next complains that he was entitled to due process in a disciplinary hearing conducted by Cooper, arguing that the denial of due process itself implicated a constitutionally protected liberty interest. As the Magistrate Judge observed, however, the nature of the deprivation is the operative interest, and in this case, the deprivations imposed upon Parker, including cell and commissary restrictions and one day in solitary confinement, did not implicate any constitutionally protected liberty interests. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Parker asserts in his objections that the disciplinary case could affect his parole release and that it caused him to be transferred to another prison unit further from home, but even if these could be considered as punishments imposed as a result of the hearing, neither implicates a protected liberty interest. *See* Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (no right to parole in the State of Texas); Meachum

2

v. Fano, 427 U.S. 215, 224 (1976) (no right to be confined at any particular prison unit in the state). This objection is without merit.

Finally, Parker complains of the Magistrate Judge's recommendation to dismiss the Defendants Webb and Sizemore, who are unit wardens. He says that Webb was aware of his complaints through the grievances which he, Parker, filed, and that he spoke to Sizemore regarding being worked outside of his medical conditions. As noted above, neither Warden Webb nor Warden Sizemore had any duty to take such action on Parker's grievances and complaints as Parker believed appropriate, nor does the failure by Webb and Sizemore to take such action amount to deliberate indifference to Parker's safety, whether or not such failure to act could be deemed negligent. His objections on this point are without merit.

The Court has conducted a careful *de novo* review of the pleadings and testimony in this cause, along with the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claims against the Defendants Jeanie Allison, Amy Jones, Patrick Cooper, Warden Webb, and Warden Sizemore be and hereby are DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. These individuals are hereby DISMISSED as parties to the lawsuit. The dismissal of these claims and parties shall have no effect upon the remaining claims and parties in this case. It is further

ORDERED that the dismissal of these claims and defendants shall not count as a strike for purposes of 28 U.S.C. §1915(g).

**So ORDERED and SIGNED this 1st day of February, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**